## Fidler v. Wood Chips, Inc.

*John M. Humphrey*, for plaintiffs.
*Steven L. Friedman*, for defendant.

BROWN, *P.J.*, July 30, 1979—These proceedings have been the subject of two days of trial which were held on April 5, 1979, and April 17, 1979. The testimony remains to be concluded and a third day of trial has been scheduled for August 9, 1979, at 9:30 a.m.

By letter dated May 29, 1979, plaintiffs advised

defendant of their intention to call an expert witness, Eric N. Angevine, as a rebuttal witness. Defendant has objected to this proposed witness because plaintiffs did not respond to pre-trial discovery by indicating that they were going to call an expert witness, and because of the representations of plaintiffs at a pre-trial conference that no expert witness would be called. Defendant also objects upon the basis that plaintiffs are attempting to present matters on rebuttal that should have been presented in their case in chief. These objections were formalized in a motion filed July 9, 1979. Subsequently, on July 20, 1979, defendant issued a notice of oral deposition for the deposing of Mr. Angevine on July 31, 1979. On July 26, 1979, plaintiffs filed a motion for a protective order or for an order quashing the notice of the aforesaid deposition. The basis for plaintiffs' request for relief is defendant's failure to comply with Pa.R.C.P. 4003.5 by failing to first file interrogatories concerning Mr. Angevine's testimony, and for not obtaining leave of court upon cause shown for such deposition as required by Pa.R.C.P. 4003.5.

## DISCUSSION

The difficulties presented by the present dispute are enhanced by the absence of an adequate record concerning plaintiffs' proposed expert testimony. The problem is further compounded by the upcoming continued trial date of August 9, 1979.

With regard to defendant's motion to prevent Mr. Angevine's expert testimony, the court knows of no absolute rule which prohibits the calling of an expert witness on rebuttal. The failure to disclose the expert's identity prior to trial is probably of little significance, since such a disclosure most likely

applies only to those witnesses to be called on the plaintiffs' case in chief, and it is doubtful that the rules require a party to anticipate what rebuttal witnesses will be called prior to trial.

However, defendant's concern about plaintiffs presenting their case in chief on rebuttal may be well founded. Unfortunately, absent an offer of proof on the record as to the proposed scope of the expert's testimony, the court is unable at this time to rule on this aspect of defendant's request to prevent the expert from testifying. Therefore, a ruling on defendant's motion is inappropriate at this time.

It must be recognized that the defendant has some discovery rights with regard to plaintiffs' expert witness and that these rights are apparently regulated by Pa.R.C.P. 4003.5. Since defendant is initially limited to the filing of interrogatories under that rule, plaintiffs' request for some relief to prevent oral depositions has some merit. However, as a practical matter, there is probably inadequate time to have such interrogatories answered in time for trial and to further allow defendant an opportunity to decide whether it wishes to seek discovery by oral depositions pursuant to Pa.R.C.P. 4003.5 by leave of court. Thus, the court is faced with the prospect of continuing the matter in order to allow defendant an adequate opportunity to exert its rights to full discovery with regard to plaintiffs' expert. This course of action is taken with some reluctance since this matter ought to be concluded as promptly as possible. Therefore, plaintiffs' motion for a protective order will be granted with the August 9, 1979, trial date to be continued to allow defendant time to exercise discovery rights with regard to plaintiffs' proposed expert.

## ORDER

And now, July 30, 1979, based upon the foregoing memorandum, it is hereby ordered that defendant's request to prevent expert testimony be taken under advisement pending an offer of proof, and it is further ordered that defendant's notice of oral deposition scheduled for July 31, 1979, be quashed upon the condition that the scheduled August 9, 1979, trial date be cancelled to allow defendant sufficient time to conduct discovery proceedings with regard to plaintiffs' expert witness, Eric N. Angevine, pursuant to Pa.R.C.P. 4003.5.